Kent, J.
delivered the opinion of the court. A motion is made on the part of the defendants for a new trial:
1 Because Cadiz was blockaded, and the ship went in without necessity.
2. Because the fever is not a peril within the policy.
3. Because, at any rate, the plaintiffs are only entitled
to recover, as for a partial loss.
*1. On this first point, we are of opinion, that, on the fifth of July, when the ship entered the port of Cadiz, that port was not blockaded. There was no naval investment of the port; there were no ships there, so as to render it hazardous to enter. ■ The blockade had, in fact, been raised a few days before, in consequence of a naval expedition; and it is sufficient for a neutral, when he arrives off a port, to find it clear of any blockading force. He can only judge from what appears, and if he finds ho blocade existing de facto, it is sufficient. He is not bound to inquire, or wait for events, and see whether the blockade, that once existed, is finally raised; or whether the blockading squadron still retains the animus revertendi. The neutral has no means of knowing when a blockade exists in contemplation of law, as contradistinguished from a blockade in fact; and to impose that knowledge upon him at his peril, would be most unreasonable. The only practicable rule is, that there must be an actual existing blockade, to render it unlawful for the neuter to enter.
The notice that the plaintiff received from a British frigate, or a British ship of the line at sea, several leagues from the port, and some days before the entry, amounted to nothing, if in fact there was no blockade of Cadiz when he arrived there. It is absurd to suppose that that ship or frigate, in the situation it was, constituted a blockade of Cadiz, nor is it to be understood that the commander, of the ship made any such pretension. The plaintiff, therefore, committed no violation of his neutrality in entering Cadiz, and he had liberty to touch there by the terms of the policy.
On the second point, we are satisfied that the damage resulting from the pestilence at Cadiz is covered by the *12 policy. It is not requisite to decide absolutely, whether a pestilence is a peril direct within the policy.
It formed, however, a sound excuse for delay at Cadiz, and if the consequence of that delay was a- deterioration of the subject insured, the insurer must be answerable for the loss.
And with respect to the amount of the damage, we see no reason to complain of the finding of the jury, that it amounted to above one half, and justified the abandonment *of the voyage. The weight of evidence on this point is in favor of the verdict, and there is no fault or neglect imputable to the plaintiff. There was a series of misfortunes, which the captain appears to have made constant and sincere, but unavailing efforts to surmount, and we are perfectly satisfied that the verdict is just, and, consequently that the defendants take nothing by their motion.
Hew trial refused